[Civ. No. 3866.   Second Appellate District, Division Two.—July 28, 1922.]

## COUNTY OF LOS ANGELES, Respondent, v. L. C. LUSCHER, Appellant.

[1] BAIL BOND—ACTION TO RECOVER—PLEADING—NOTICE OF TIME OF TRIAL OF CRIMINAL ACTION—SUFFICIENCY OF COMPLAINT.—In an action to recover on a bail bond executed to secure the appearance of a person in response to a felony charge, an allegation in the complaint that such person was arraigned on a certain date and the cause then and there set down for trial for a fixed time is a sufficient allegation that such person had notice of the time and place of trial, since under section 977 of the Penal Code one under a felony charge must be personally present at the time of his arraignment.

[2] ID.—SUFFICIENCY OF CONSIDERATION.—A bail bond is supported by a sufficient consideration notwithstanding the release was obtained partly from the bond and partly from a cash deposit by one of the signers who was unable to qualify.

[3] ID. — JOINT AND SEVERAL JUDGMENT. — Under section 1659 of the Civil Code a bail bond is presumed to carry a joint and several promise, and where there is no language in the bond making it the joint obligation of the signers, a joint and several judgment is proper.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Louis G. Guernsey and F. E. Davis for Appellant.

A. J. Hill, J. H. O'Connor and Roy W. Dowds for Respondent.

WORKS, J.—This is an action to recover on a bail bond executed by defendant to secure the appearance of one Ray J. Ford in court in response to a felony charge.  Ford did not appear at the time set for his trial and the court thereupon made its order declaring the bond forfeited.  Judgment herein went for plaintiff against both defendants, jointly and severally, for the amount of the bond, which was $1,000.  Defendant Luscher appeals.

[1]   The first point made by appellant is that the complaint fails to state a cause of action because it is barren of allegation that Ford was ever notified of the time and place of his trial.   The assailed pleading contains the averment "that on the 10th day of November, 1919, the said Ray J. Ford was duly and regularly arraigned . . . and on the said 10th day of November, 1919, . . . did enter a plea of 'Not guilty' . . . and the trial of the said Ray J. Ford . . . was then and there set down . . . for the 30th day of January, 1920.". Section 977 of the Penal Code provides that one under a felony charge must be personally present in court at the time of his arraignment.   Therefore the allegation that Ford was arraigned is equivalent to an allegation that he was present at the time the arraignment occurred.   As the cause was "then and there set down" for trial on a given date he had direct notice of the fact. The complaint is sufficient.

[2]   Appellant's next contention is that there was no consideration for the execution of the bail bond.   This legal question is presented in the form of a claim that a certain finding of the trial court is not supported by the evidence. The finding is to the effect that the release of Ford from custody, which occurred immediately after the giving of the bond, "was solely by reason and in consideration of the making, execution and filing of the said bail bond . . . "   It appears that, after the bond was executed, appellant's cosigner and codefendant in this action was unable to qualify upon it.   He was required upon that account to deposit the sum of $250 with the court and the bond was thereupon approved and Ford was released. It is now contended that the release was in consideration of the execution of the bond and of the deposit of the $250, together, and that it was not "solely" by reason of the execution of the bond.   If the payment into court of the amount named is to be regarded as a deposit of cash bail in lieu, partially, of bail bond—a point which we neither examine nor decide—and if the release of the prisoner was because of bond and deposit of cash together, we cannot see how the point made by appellant is good.   The use of the word "solely" in the finding, which followed the averments of the complaint, plainly may be regarded as surplusage, for there was a consideration for the bond if the release oc-

curred *partially* because of its execution, and there is no doubt under the evidence that it did. The point made by appellant is not well taken.

[3] The only remaining contention of appellant is that the trial court erred in rendering judgment jointly and severally against the defendants, the insistence being that the obligation was a joint one. It is enough to say as to this question that there is no language in the bond pretending to make it the joint obligation of the signers. Under the provisions of section 1659 of the Civil Code, such an instrument is presumed to carry a joint and several promise.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.