[Civ. No. 7744. Second Appellate District, Division One.—June 3, 1931.

THE PEOPLE, Respondent, v. PACIFIC INDEMNITY COMPANY (a Corporation), Appellant.

Holbrook, Taylor, Tarr & Horton for Appellant.

Everett W. Mattoon, County Counsel, and Robert A. Cushman, Deputy County Counsel, for Respondent.

CONREY, P. J.—By procedure in due course, a summary judgment was entered in the superior court in accordance with the terms of a forfeited bail bond, which had been given in the Municipal Court of the city of Los Angeles in a criminal action. Thereafter the defendant Pacific Indemnity Company, against whom the summary judgment had been entered, presented to the superior court a motion to set aside the judgment. That motion having been denied, the company gave notice of appeal to this court from the order denying its said motion. Now comes the respondent and moves for dismissal of the appeal, upon the ground that the order from which appellant has attempted to appeal is a nonappealable order.

The judgment, duly entered in accordance with the statute and pursuant to consent given by the surety, was not subject to appeal. (*People* v. *Hodges,* 205 Cal. 476 [271 Pac. 897] ; *People* v. *Aymar,* 98 Cal. App. 1 [276 Pac. 595].)

Appellant contends, however, that its appeal from the order denying its motion to set aside the judgment is

entitled to recognition as an appeal from a "special order made after final judgment". (Sec. 963, Code Civ. Proc.) The contention is without merit. The order was, indeed, made after final judgment, but it was not a "special order" of any kind contemplated by the cited code section. The nature of the order must be tested by the terms of the motion which the order refused to grant. The motion was, that the judgment be set aside, upon the ground "that Penal Code section 1306 referred to in said bond upon which said consent judgment was in part based, is unconstitutional". Such motion did not relate to any proceeding or incident apart from the judgment, nor to any circumstance arising after the entry of judgment. The manifest and apparently sole purpose of such a motion would be to attack the judgment itself, in order that an appeal from the order might be substituted for an appeal from a nonappealable judgment. We think that this cannot be done. To hold otherwise would be to allow, under another form, the very appeal which the law rejects.

The motion to dismiss the appeal is granted. The appeal is dismissed.

Houser, J., and York, J., concurred.