[Civ. No. 889.   Fourth Appellate District.—June 28, 1932.]

THE PEOPLE, Respondent, v. SOLEDAD DELETORRE et al., Defendants; SEABOARD SURETY CORPORATION OF AMERICA (a Corporation), Appellant.

Arthur T. Stollmack and Samuel H. Weissberg for Appellant.

Thomas Whelan, District Attorney, and E. I. Kendall, Deputy District Attorney, for Respondent.

BARNARD, P. J.—This is an appeal from an order denying a motion to set aside a summary judgment entered upon a bail bond. The bond was executed by this appellant to secure the presence of a certain defendant when wanted for trial in the Superior Court of San Diego County. The bond contained the following paragraph:

"If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered forthwith

against the said Seaboard Surety Corporation of America, a corporation, and the said defendant, if he be a party to the bond, for the amount of their respective undertakings herein, as provided by sections 1305 and 1306 of the Penal Code.''

The defendant in question not appearing when the case came on for trial on September 2, 1930, the court, on motion, declared the bail bond forfeited. A motion was later filed by this appellant asking for an order setting aside the for-feiture, which motion was denied on January 5, 1931. On January 10, 1931, a summary judgment was entered, based upon the provisions of the bond and the terms of the statutes. On February 10, 1931, this appellant filed a motion to vacate and set aside this summary judgment, which motion, after a hearing, was denied on March 14, 1931. This appeal is from the order denying that motion.

It has been held that judgments of the nature of the one the appellant here seeks to set aside, being consent judgments, are not subject to appeal (*People* v. *Hodges*, 205 Cal. 476 [271 Pac. 897]; *People* v. *Pacific Ind. Co.*, 114 Cal. App. 563 [300 Pac. 46]).

In *People* v. *Aymar*, 98 Cal. App. 1 [276 Pac. 595], and authorities therein cited, an exception to the above-mentioned rule is recognized in cases where the judgment is in fact not entered in accordance with the consent relied on, on the theory that in such a case a consent judgment is not involved. The appellant here claims to come within this exception. It is contended that the apparent consent to the entry of a summary judgment contained in the portion of the bond above quoted, was in fact no consent to such a judgment because it was made in reliance upon the amendment to section 1306 of the Penal Code, adopted in 1929, providing for the return to the surety of the amount paid upon such a judgment at any time within one year upon certain named conditions, and because this amendment to section 1306 has been declared unconstitutional (*Pacific Ind. Co.* v. *Myers*, 211 Cal. 635 [296 Pac. 1084, 1087]). The appellant makes no attempt to show specific injury result-ing from its reliance upon the amendment in question. It clearly appears that the defendant for whom this bail was furnished has never been produced, and that he can never be produced owing to the fact that he died in a foreign country,

after judgment was entered. Reversal is asked solely 'upon the theory that the bond itself has been rendered void.

Appellant's first contention is that since it executed this bond in reliance upon the provisions of the amendment now held to be void, the stipulation for a summary judgment contained in the bond is void for failure of consideration. The consideration for a bail bond, as between the People and the surety thereon, is the release of the defendant charged with crime (*People* v. *McReynolds,* 102 Cal. 308 [36 Pac. 590]; *Los Angeles County* v. *Luscher,* 58 Cal. App. 632 [209 Pac. 899]). Such release is a sufficient consideration for every part of the bond. The provision for summary judgment was not inserted in such bonds as this because of the 1929 amendment to section 1306, but because the same was required by sections 1278, 1287, and by the 1927 amendment to section 1306. The appellant complied with those statutes in order to secure a release of the defendant from custody, and this release was a sufficient consideration for the stipulation referred to, as well as for the general liability assumed.

The second and main contention of appellant is that, since a bail bond is a statutory bond, and since a bond founded upon an unconstitutional statute is void, this bond, having been made in conformity with section 1306, is void. This contention is based upon the claim that a part of this section having been declared unconstitutional, the whole thereof is unconstitutional, since its various portions are not severable, but all form ''an interrelated scheme for handling the problem of bail.''

It may first be observed that while this is a statutory bond, it is not created by or dependent upon section 1306 of the Penal Code. It is based upon sections 1278 and 1287 and the other sections of that code authorizing and providing for the release of a defendant upon such a bond. Section 1306 relates only to the enforcement of a forfeiture of such a bond, and the 1929 amendment thereto related only to additional relief for the judgment debtor, under certain circumstances. The elimination of that amendment in no way removed the statutory authority for this bond. Nor does the fact that this amendment has been declared unconstitutional render all of section 1306 unconstitutional and void, upon the principle that the respective portions thereof are not sev-

erable. That portion of section 1306 providing for the entry of a summary judgment after forfeiture of a bail bond, was adopted by an amendment in 1927, at which time, sections 1278 and 1287, setting forth the requirements for such a bond, were correspondingly amended. These sections referred to section 1306 as then amended and specifically provided that such an undertaking should contain a new sentence which, in effect, is a stipulation for a consent judgment (*People* v. *Page,* 100 Cal. App. 252 [279 Pac. 1059]). When section 1306 was amended in 1929, the provisions put into it in 1927 were not changed and the provisions of sections 1278 and 1287 were not altered. This amendment made no change in any of the procedure provided for the giving of a bail bond, or for the enforcement thereof in case of forfeiture up to the time when judgment is entered. It applied only to possible procedure following such a judgment, and attempted to give an additional relief to the surety after judgment, upon certain conditions. In declaring these additional provisions unconstitutional in *Pacific Indemnity Co.* v. *Myers, supra,* the court said:

"But the provisions of the amendment are clearly severable from the provisions of the section in force prior to the amendment and continued in force, for there is no indication in the statute or otherwise that the legislature would not have left the section as enacted in 1927 undisturbed if its attempt to relieve some arbitrarily selected sureties from the rigors of a forfeiture had not been undertaken. We are not apprehensive, therefore, that bail bonds in pending proceedings will be jeopardized by the determination herein, as suggested by counsel for the petitioner."

The general rule as to severability of different portions of a statute in relation to their constitutionality is thus stated in 5 California Jurisprudence, at page 643:

"It is a general rule supported by an unbroken line of decisions that a provision in or a part of an act may be unconstitutional and beyond the power of the legislature to enact, and still the whole act may not be void. The accepted doctrine in such case is that the constitutional portions of the statute may stand alone and remain in force if they can be separated from the portions which are void. The unconstitutional provisions will not vitiate the whole act, unless they enter so entirely into the scope and design of the law, that

it would be impossible to maintain it, without such obnoxious provisions. However, if the unconstitutional provisions of a statute or ordinance are inseparable from the main body thereof, it follows that the whole statute or ordinance is void.''

Applying this rule to the case before us, we think the provisions attempted to be added to section 1306 by the amendments of 1929 are so plainly severable from the remaining provisions of that section, as the same was amended in 1927, that no lengthy analysis of the statutes and cases is required. In our opinion, the unconstitutional amendment of 1929 did not vitiate the whole of section 1306.

It has been held that just such an order as the one here appealed from is no more appealable than was the judgment which the order refused to set aside (*People* v. *Pacific Indemnity Co.*, 114 Cal. App. 563 [300 Pac. 46]). However, since no motion to dismiss was made in this case we have deemed it best to treat the appeal as if properly before us.

The order appealed from is affirmed.

Jennings, J., and Scovel, J., *pro tem.*, concurred.