BIRD & JEX CO. et al. v. FUNK et al.

No. 6057.   Decided January 3, 1939.   (85 P. 2d 831.)

Rehearing denied March 17, 1939.

452

*Dan B. Shields,* of Salt Lake City, for appellants.

*Parnell Black, D. Howe Moffat,* and *G. H. Lunt,* all of Salt Lake City, for respondents.

FOLLAND, Chief Justice.

The case comes here on appeal from a judgment of the trial court sustaining a general demurrer to the complaint.

Appellants commenced an action in the district court whereby it was attempted to restrain the enforcement of certain regulations pertaining to the advertisement of light beer on billboards, which regulations had been adopted by the Liquor Control Commission. The complaint alleged that

"notwithstanding the fact that section 140 [Laws of Utah 1935, Chap. 43] provides: 'that advertising of light beer shall be permitted under such regulation as the commission may make,' the defendants as such Liquor Control Commission have arbitrarily and unlawfully * * * discriminated against plaintiffs and are threatening to prohibit them from advertising light beer on billboard panels and painted bulletins * * * and that it is further arrogating to itself the right to dictate the kind and type of copy that shall be used in other advertisements of light beer."

Respondents filed a general demurrer alleging that the complaint did not contain facts sufficient to constitute a cause of action against the defendants or warrant the court in granting the relief prayed for. The trial court sustained the demurrer, whereupon this appeal was taken.

The Liquor Control Commission was created by the legislature in 1935, following a repeal of the prohibition amendment, and vested with power to manage and control the liquor monopoly on behalf of the state. The act creating the Commission and outlining its powers and duties is known as the Liquor Control Act. Its purposes are set forth in Article 1, Sec. 2, as follows:

"This act shall be deemed an exercise of the police powers of the state for the protection of the public health, peace and morals; to prevent the recurrence of abuses associated with saloons; to eliminate the evils of unlicensed and unlawful manufacture, selling and disposing of alcoholic beverages; and all provisions of this act shall be liberally construed for the attainment of these purposes."

In furtherance of the above declared policies and purposes, the legislature granted the Commission, among other things, certain regulatory powers, to wit (Article 3, Sec. 7):

"The commission may, from time to time, make such resolutions, orders and regulations, not inconsistent with this act, as it may deem necessary for carrying out the provisions thereof and for its efficient administration. The commission shall cause such regulations to be filed in the office of the secretary of state, and thereupon they shall have the same force as if they formed a part of this act. The commission may amend or repeal such regulations, and such amendments or repeals shall be filed in the same manner, and with like effect. The commission may from time to time cause such regulations to be printed for distribution in such manner as it may deem proper."

With respect to advertising the legislature enacted the following provisions (Article 6, Sections 139 and 140):

"The advertising of alcoholic beverages by the commission and any window display thereof in its stores are hereby expressly prohibited, except that the commission may provide for appropriate signs on window or front of building denoting the fact that it is a state liquor store or package agency, and may provide for printed price lists.

"The prohibition against advertising alcoholic beverages and against window displays in liquor stores of the commission shall apply in like manner to all manufacturers and licensees of alcoholic beverages, and to package agencies. This provision shall be construed to prohibit the use of any electric or illuminated signs, contrivance or device, sign-

board, billboard, or other display signs, and to prohibit the display of alcoholic beverages or price lists in windows or show cases visible to passersby, and to prohibit the use of any other means of inducing persons to buy alcoholic beverages, or to enter places where alcoholic beverages are sold; provided, that a simple designation of the fact that beer, wine, or other liquors are manufactured or sold under authority derived from the commission may be placed in or upon the window or front of the place of business having such authority; and provided, further, *that advertising of light beer shall be permitted under such regulation as the commission may make.*" (Italics added.)

Pursuant to the power granted it to regulate the advertising of light beer the commission adopted the following regulations and provisions:

"(a) No advertisement of any alcoholic beverages or light beer shall conflict in descriptive matter with the label thereof.

"(b) No advertisement of any alcoholic beverages or light beer shall suggest the absence of harmful effect, or the presence of healthful or therapeutic effect, resulting from the use thereof.

"(c) No advertisement of any alcoholic beverage or light beer shall include, be connected with, or make any reference to the conducting of any form of contest, or the awarding of prizes, premiums or considerations, or refer to any testimonial, or scientific test, proving the absence of harmful effect or the presence of healthful or therapeutic effect of the products so advertised.

"(d) No advertisement of any alcoholic beverage or light beer shall include the likeness or caricature of a woman, child, or a family scene; an illustration of men drinking; an illustration of groups of men that might be interpreted as drinking scenes; an illustration of anything which might be interpreted as having any association with children, particularly children's pets, nor any illustrations of fruits or agricultural products, unless such illustrations be a part of a trade-mark or label already in use, in which case a replica of the entire trade-mark or label only, shall be permitted.

"(e) No advertisement of any alcoholic beverage or light beer shall contain a recipe or formula for using the same.

"(f) No advertisement of any alcoholic beverage or light beer shall contain any reference to any person, firm or corporation, real or fictitious, as one who recommends, uses, or purchases such product.

"(g) No advertisement of any alcoholic beverage or light beer shall refer to any religious holiday or festival, nor shall any symbol, sign

or other character associated with such holiday or festival, be used in such advertisement.

"(h) No advertisement of any alcoholic beverage or light beer shall be published which the commission may consider to be objectionable or contrary to the public interest, and all advertising copy, prior to publication, must be submitted by the advertisers to the commission for its approval, and no published advertisement shall contain any statement of approval or release by the commission.

"(i) Advertising of all alcoholic beverages including light beer by radio programs initiated within the State of Utah on Sundays, is hereby prohibited.

"(j) Advertising of all alcoholic beverages including light beer by the use of sound trucks is hereby prohibited.

"(k) No advertisement of alcoholic beverages including light beer shall be displayed upon the screen of any theatre.

"(l) No advertisement of alcoholic beverages including light beer shall be made by or through the sale or distribution of novelties such as matches, score cards, lighters, blotters, post cards, calling cards, business or professional cards, menu cards, pencils, coasters, meal checks, napkins, clocks, calendars or similar articles or cocktail recipes or any other recipes or formulas for the use of such products. Any mention of brand name, code number or sale price shall be considered a violation of this section.

"(m) All advertising of alcoholic beverages including light beer on billboards, signboards, road signs, painted bulletins, electric or illuminated signs, or on or in any other form of exterior advertising, is hereby prohibited except as provided in section 140, chapter 43, Laws of Utah, 1935, and in these regulations. The term 'Exterior Advertising' is construed to include any advertising, displayed or set outside the premises or at any place within, upon or attached to the premises if the same is visible from the outside, and the regulations herein promulgated are intended to cover all such advertising.

"(n) No persons shall display outside of the licensed premises, or on the windows or doors thereof, more than one sign indicating that beer is stored, manufactured, distributed or sold on said premises. Such sign shall not project more than 60 inches from the exterior of the building, and no one dimension thereof shall be more than 60 inches, and the total area of such sign, including trimmings, shall not exceed 1500 square inches. No such sign shall contain, display, or make reference to the name of the manufacturer, brewer, or wholesaler of beer of the trade name, trade-mark, insignia, or label of any brand of beer.

"(o) Not more than two inside signs, visible from the outside, shall be displayed at any one place of business, such signs, including trimmings, to be limited in size to 750 square inches each, and in cost to $30.00 each.

"(p) No advertising, visible from the exterior of any licensed premises, shall contain the words: 'Bar,' 'bar-room,' 'saloon,' 'cocktail lounge,' 'no permit required,' or words of like import.

"(q) On order of the commission, any sign, display or advertisement which the commission shall consider objectionable or contrary to the public interest, shall be removed."

The provision which directly affects appellants is regulation (m) which prohibits all outdoor advertising, including billboards, roadsigns, painted bulletins, etc., except as provided in section 140, chapter 43, Laws of Utah, 1935. If it be determined that this provision is valid as being within the powers granted to the Liquor Commission, then the validity of other rules and regulations as affecting the content of advertising becomes unimportant.

The question whether or not the powers granted to the Liquor Commission are constitutional is not in dispute here, although appellants intimate that if the rules and regulations promulgated by the Liquor Commission are determined by this court to be within the powers granted by the legislature to the Commission then such delegation of powers must of necessity be unconstitutional. The only question to be determined at the moment is: Granting the constitutionality of the Liquor Control Act, and particularly sections 7 and 140 (quoted above), does the Liquor Control Commission have the power to prohibit billboard advertising in the face of the last proviso in Section 140.

Where the legislature delegates to an administrative agency power to make rules and regulations, such delegation must be accompanied by a declared policy outlining the field within which such rules and regulations may be adopted. *Schechter Poultry Corp.* v. *U. S.*, 295 U. S. 495, 55 S. Ct. 837, 79 L. Ed. 1570, 97 A. L. R. 947; *Panama Refining Co.* v. *Ryan*, 293 U. S. 388, 55 S. Ct. 241, 79 L. Ed. 446; *State* v. *Goss*, 79 Utah 559, 11 P. 2d 340. From

this it must necessarily follow that all rules and regulations adopted by an administrative board or agency must be in furtherance of and follow out the declared policies of the legislative enactment. If the regulations or rules are in excess of the declared purposes of the statute, they are invalid. *State* v. *Goss,* supra; *Utah Mfrs.' Ass'n* v. *Stewart,* 82 Utah 198, 23 P. 2d 229.

In the case of *State* v. *Goss,* supra, the court was confronted with the problem of determining whether certain regulations promulgated by the State Board of Health were valid. It was held in that case that there was no declared policy in the statute with respect to which the rules and regulations prohibiting use of unsterilized cups or receptacles for dispensing of soft drinks were adopted by the board of health. There was not anything in the statute which defined the legislative policy with respect to the subject covered by the rules and regulations.

What are the declared policies of the legislature with respect to the rules and regulations of the Liquor Commission here in dispute? The declared general purposes of the Liquor Control Act, under which the Liquor Commission derives its authority are "for the protection of the public health, peace and morals; to prevent the recurrence of abuses associated with saloons; to eliminate the evils of unlicensed and unlawful manufacture, selling and disposing of alcoholic beverages * * *." Section 2. The declared policy with respect to advertisement of alcoholic beverages is stated in Sec. 140 as prohibiting the use of any means of inducing persons to buy any of such beverages or entering places where they are sold. To fulfill the policies outlined by the legislature in the act, the Liquor Commission was given power to "make such resolutions, orders and regulations, not inconsistent with this act, as it may deem necessary for carrying out the provisions thereof and for its efficient administration."

The question for decision, however, has to do, not with the general rule-making power of the commission, but with

something more specific. We must look to the proviso in Section 140 and find its meaning. It is a fundamental rule of statutory construction that the controlling purpose is to ascertain and give effect to the intention and purpose of the legislature. This intent and purpose is to be deduced from the whole and every part of the statute taken together. *Roseberry* v. *Norsworthy*, 135 Miss. 845, 100 So. 514. We are not limited merely to the purposes declared in Section 2 of the Act. This section is a general declaration of purpose actuating the legislature in passing the Act. In the exercise of the rule-making power, the Commission must be guided by the intent and purpose of the legislature as found by a reading and interpretation of the whole act and every part thereof.

In determining the meaning of the proviso we must take particular note of the section wherein it stands as well as the general tenor of the Act. The liquor Act defines "alcoholic beverage" to include light beer so that when that phrase is used light beer is included. Therefore, when Section 140 of the Act refers to alcoholic beverages and prohibits advertising of them advertising of light beer is included within that prohibition. That Sec. 140 and its prohibitions were intended to apply to light beer is shown by the use of the word "licensees" since this appelation could apply to no others than those licensed to sell light beer.

The advertising of alcoholic beverages, including light beer, is laid under a heavy ban in Sections 139 and 140 of the Act, supra. A reading of Sec. 141 also aids us in arriving at the intent and purpose of the Act. Therein is prohibited the canvassing and soliciting of orders for such beverages, and such soliciting for sale of light beer is limited to the necessary soliciting by wholesalers and manufacturers from the Commission or licensed dealers. Section 86 also aids in showing the strict regulation imposed on the manufacture and sale of light beer.

Section 140 may be divided into four parts, two prohibitions and two provisos as follows: (1) A specific prohibition against billboard signs and other displays, (2) A general prohibition of all other advertising and all "means of inducing persons to buy alcoholic beverages, or to enter places where alcoholic beverages are sold"; (3) A proviso permitting a sign on the window or front of authorized premises and limiting it to a simple designation of the fact that beer or other beverage is sold or manufactured; and (4) the proviso "that advertising of light beer shall be permitted under such regulation as the commission may make." The first proviso effects the specific prohibition against billboard and display advertising while the second proviso is carved out of the general prohibition against all other advertising.

It seems obvious that the legislative intention was clearly to limit to a narrow field the advertising of alcoholic beverages, including light beer, and the whole purpose of the act is to reduce solicitation of such beverages to an actual minimum, whether by advertisement or otherwise. Surely the office of the proviso is not to set aside and declare for naught the specific prohibition against billboard and other sign advertising. The prohibition is definite, specific and all comprehensive. There can be no doubt but that the legislature, at least in the first part of the section, intended to prohibit all billboard advertising of light beer and other alcoholic beverages. If the second proviso be construed to mean what appellant contends for, it would make for naught that part of the section. The prohibition would not longer stand as to light beer. Appellants contend that the use of the words "advertising of light beer shall be permitted" binds the Commission to allow, and not to prohibit the advertising of light beer by and through all the types of methods of advertising commonly used—including billboards; that the Commission, under such power as is granted in the latter portion of the proviso, "under such regulation as the commission may make," may

only make and enforce reasonable regulations addressed to the content of such advertising matter, or perhaps to the size of the display. Such construction would give to the proviso the effect of setting aside the specific prohibition against billboard advertising of light beer. If this were the meaning of the section, the Commission could not prevent any and all kinds of advertising, but could only impose reasonable regulations as to the content of the advertising matter used on billboards, or by sound trucks, radio, newspapers and other vehicles of advertising. No such intent can be found elsewhere in the statute. On the contrary, there is disclosed an intent and purpose strictly to limit and confine the advertising of such beverages, including light beer, to a rigid minimum.

In *Dunn* v. *Bryan,* 77 Utah 604, 299 P. 253, we had occasion to consider and decide the effect of a provision in a statute requiring publication of certain information concerning expenditures by School Boards. The language there used and authorities cited are pertinent here:

"'This general statement is followed by the enumeration of particular items which must be included in the statement. The main proposition in subdivision 7 is, 'Each warrant issued, to whom, and on what account.' After stating in general language the requirement of a detailed statement of all receipts and expenditures and specifying with particularity what should be in the 'detailed statement,' it is not likely that the Legislature would, by a proviso, leave it optional with a local officer to completely emasculate the statute and destroy the force and effect of the main proposition which the proviso modifies.

" 'A proviso which operates to limit the application of the provisions of a statute, general in their terms, should be strictly construed to include no case not within the letter of the proviso.' 25 R. C. L. 985.

" 'And since the office of a proviso is not to repeal the main provisions of the act but to limit their application, no proviso should be so construed as to destroy those provisions.' 25 R. C. L. 986.

" 'The office of a proviso, generally, in a statute is either to except something from the enacting clause or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of it, as extending to cases not intended by the Legislature to be brought within its purview; its office is not to confer a power, or, as a general rule, to enlarge the enactment to which it is appended, so as to operate

as a substantive enactment itself.' *In re Hoss' Estate*, 59 Wash. 360, 109 P. 1071 (headnote).

"Since the intent of the law, expressed in plain language, requires the publication of a detailed statement, an application of the rules of construction do [does] not permit the proviso to be construed and applied to mean that nothing but totals are required." (Pages 610 and 609, 299 P. page 255.)

So here—the specific and positive prohibition of advertising by billboards, signs, and similar devices is not set aside by the proviso, but the proviso carves out of the general prohibitive provision—not out of specific prohibition against billboard and other display advertising—the advertising of light beer under regulation by the Commission. This interpretation leaves the specific prohibitive portion intact and is in harmony with the declared purposes of the act and its intent and purpose as disclosed by the tenor of the whole act.

Rule (m) of the Commission is in effect a prohibition of billboard and sign advertising of alcoholic beverages, including light beer. The Commission would have no right to prohibit such advertising if by legislative act such advertising were permitted. Such, however, is not the case, and rule (m) is but a re-assertion of the specific provision of Section 140 which effectively prohibits such advertising.

It is contended that the use of the word "shall" indicates an intent of the legislature that advertising of light beer is authorized by the act. In view of the evident purposes of the act and the wording of the other parts of section 140, we are of the view that the word "shall" should be construed as merely permissive. 59 C. J. 1085.

The proviso is merely a grant of power to the Commission to permit advertising of light beer under its regulations, which regulations shall not be contrary to the specific prohibition or out of harmony with the evident purposes of the act.

Holding as we do, that billboard and other outdoor display advertising is prohibited by the Act, the appellants are in no position to question the validity of the other regulations adopted by the Commission, and for that reason we refrain from passing on them.

The judgment of the District Court of Salt Lake County is affirmed. Costs to respondents.

MOFFAT and LARSON, JJ., concur.

WOLFE, Justice (dissenting).

I am sorry I cannot concur. I think the legislature intended to, and did by its language, carve out of the general provisions prohibiting advertising as to alcoholic beverages —which term included light beers—that particular kind of alcoholic beverage known as light beer. And I think such carving out from the prohibition was not only as to those sorts of advertising which were not specifically mentioned as being included in all advertising but as to all types of advertising. An illustration as to where the reasoning of the court would lead is as follows: Let us suppose that the language read: "This provision shall be construed to prohibit the use of all electric or illuminated signs, contrivances or device, signboard, billboard, or other display signs, newspapers, magazines, pamphlets, leaflets, programs, and to prohibit the use of any other printed or display means of inducing persons to buy alcoholic beverages, or enter places where alcoholic beverages are sold." (I think all advertising would be to induce people to buy.) Would the opinion then say that the proviso "that advertising of light beer shall be permitted under such regulation as the commission may make" would apply only to sound trucks or radio which would be about the only two means not named?

I think the responsibility is on the legislature. We should leave it there. The last proviso, in part inconsistent with the preceding proviso, was tacked on to the draft of the bill presented to the legislature. Whatever the motive, if the legislature detracted from the salutary purposes of the

act, it must stand responsible to the people. The courts cannot, by a forced construction, save those purposes to the people against the expressed will of the legislature. I think the Liquor Commission was without power to prohibit any sort of advertising of light beers. It could regulate the content of the advertisements so as to include matters in themselves offending against public morals and decency or perhaps to the extent set out in (d) of its regulations. I need not come to any definite conclusion as to the nature of the matter which might be excluded. Also, perhaps the Commission may to some extent regulate the size and place of advertisement. Those are themselves to some extent prohibitions but there can be no regulation without some prohibition. But the Commission cannot altogether prohibit billboard advertising in the face of the last proviso italicized in the prevailing opinion. For reasons herein set out, I dissent.