373 P.2d 379

**SURETY LIFE INSURANCE COMPANY,**
Plaintiff,

v.

**STATE TAX COMMISSION of Utah,**
Defendant.

No. 9570.

Supreme Court of Utah.

July 3, 1962.

Marr, Wilkins & Cannon, J. Thomas Greene, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., Norman S. Johnson, Asst. Atty. Gen., Salt Lake City, for respondent.

WADE, Chief Justice.

Surety Life Insurance Company, plaintiff herein, seeks review of a decision of the State Tax Commission of Utah, defendant herein, refusing to allow a deduction in plaintiff's insurance tax return for 1959 for the full amount paid by plaintiff for an examination of its business conducted by defendant.

Plaintiff is a stock legal reserve life insurance company organized and domiciled in Utah. During the year 1959 plaintiff was qualified and doing business in a number of states besides Utah. Under the pro-

visions of Sec. 31–3–1, U.C.A.1953 [1] the Insurance Commissioner is required to examine the affairs of a domestic corporation, such as plaintiff, not less frequently than every three years, which examination should be coincident with and a part of any convention examination of the corporation made by other states. Sec. 31–3–6, U.C.A. 1953,[2] provides that the domestic insurer must pay the expenses of an examination or any part of an examination requiring travel and services outside the state of Utah. Sec. 31–14–4(3), U.C.A.1953,[3] provides for the deduction from the tax on premiums received by the insurer on insurance on property or risks located in this state of the fees paid by it for the examination required by the Insurance Code.

Defendant (Tax Commission) refused to allow a deduction for the full amount of the fees paid for the examination. It contends that by the provision of Sec. 31–3–1 (3), U.C.A.1953, whereby it is provided that its examination be made coincident with and as a part of examinations by other states in which the domestic insurer may do a substantial business, the legislature clearly showed it intended only that portion of

1. 31–3–1. "Powers of commissioner— Examination of insurers—Rating bureaus —Examination by foreign officials.— (1) The commissioner, for the purpose of ascertaining its assets, management, condition, and affairs, may fully examine the affairs, accounts, records, documents, and assets of each authorized insurer or insurance rating or surveying organization or their affiliates or subsidiaries, as often as he deems advisable; provided, that in the case of an alien insurer the examination shall be confined to its insurance transactions in the United States unless the commissioner requires otherwise. He shall examine each domestic insurer not less frequently than every three years.

\* \* \* \* \* \* \*

"(3) Regular examinations of any domestic insurer authorized to do business in other states shall be coincident with and as part of the regular convention examination, if any, of the insurer made by or on behalf of the other states."
2. 31–3–6. "Expenses of examination.— (1) Any examination, or any part of the examination of any person domiciled or having its home offices in the state requiring travel and services outside this state, shall be made by the commissioner or by examiners designated by him and shall be at the expense of the person examined.

"(2) The person examined and liable therefor shall pay to the commissioner's examiners upon presentation of itemized statement thereof, their actual travel expenses, a reasonable living expense allowance, and per diem compensation at the customary rate, incurred on account of the examination.

"The commissioner or his examiners shall not receive or accept any additional emolument on account of any examination."
3. 31–14–4(3). "If any insurance company shall have paid a property tax in the state of Utah or any fee for examination required by this code during said year, it shall be entitled to deduct from the tax herein provided for the amount of such property tax paid for general state purposes, and the amount of any such examination fee. The taxes and fees as provided herein shall be in lieu of all other state, county, and municipal licenses and fees of every kind and character. All monies collected by the state tax commission under this section shall be covered into the state treasury to the credit of the state general fund, except as provided in section 31–14–2."

the fees paid which is directly attributable to business done in Utah should be deductible, and not any fees paid in connection with those attributable to foreign state participation in the examination. Accordingly, defendant decided to use a formula whereby plaintiff was to be allowed to prorate the deduction of the examination fees in proportion to the amount the premiums attributable to business in Utah bore to premiums attributable to business in foreign states.

Although the legislature has provided that defendant can and should cooperate with other states in examination of the business of a domestic insurer, the duty to make the triennial examination is upon the Insurance Commissioner.[4] The defendant recognized and found that a full examination by the Insurance Commissioner of a domestic insurer requires complete consideration of its operations and analysis of the business it does outside as well as inside the state of Utah, regardless of whether it is a wholly Utah conducted examination or one conducted in cooperation with other states under what is called an "association" or "convention" examination. There is no relationship between the amount of premiums paid in Utah and the scope of the examination. The triennial examination is made under the supervision and direction of our State Insurance Commissioner, who requests the cooperation of examiners in other states in which the domestic insurer does a substantial business to participate in an "association" examination. These foreign examiners act under the supervision of the Insurance Commissioner who bills the insurer for such services and then pays the examiners.

It is apparent that the insurer pays the same fees whether the examination is conducted solely by the Utah State Insurance Commissioner and persons employed by him for service in foreign states, or is conducted in cooperation with such foreign states. We conclude, therefore, that in view of the provisions of Sec. 31–3–6, U.C.A.1953, the insurer must pay the expenses and fees for examinations conducted outside the state of Utah, the legislature recognized that it would be necessary to incur such expenses in a complete examination and when it provided in Sec. 31–14–4(3), U.C.A.1953, that fees paid by the insurer for examinations required by our code were deductible, it intended to include all fees paid regardless of to whom paid, whether employees of our Insurance Commissioner, or independent examiners. Had the legislature intended otherwise it would have been an easy matter to have provided for a deduction of partial expenses incurred by a domestic insurer in furtherance of an "association" or "con-

---

4. Utah Farm Bureau Ins. Co. v. State Tax Comm., 9 Utah 2d 421, 347 P.2d 179.

vention" type of examination. Having provided for the deduction from the tax on premiums, all property taxes and fees paid for examinations of its business, the defendant in refusing to allow such a deduction and promulgating a rule whereby only a prorata deduction would be allowed, went beyond its rule-making powers to carry out a legislative edict, and substituted its own judgment as to what the law should be in place of what the legislature said it should be.[5]

The decision of the Commission is vacated. No costs awarded.

McDONOUGH and CALLISTER, JJ., and A. H. ELLETT, District Judge, concur.

HENRIOD, J., having disqualified himself, does not participate herein.

CROCKETT, Justice (concurring in result).

I concur in the result. But in my opinion there is a much more justifiable basis for the position of the Tax Commission than the majority seems willing to concede.

By providing that the triennial examination required by Utah law should be made " * * * coincident with and as part of the regular convention examination"[1] it is clear that it was intended that the examination be made in cooperation with other states for the purpose of effecting economies for all concerned. That being so, it seems to me most reasonable to suppose that allowing the taxpayer credit for the expense resulting from the "examination required by this code"[2] was intended to be only Utah's fair share of the cooperative "convention" examination. And that should be the amount deductible from the plantiff's tax.

To my mind the above would be a fair, sensible and practical application of the statute. But as a member of this court I am also required to be practical. Because of the contrary view taken by my four colleagues, I suppose it can reasonably be said that there is at least some doubt that the statute should be construed and applied as I have stated above. If that be so, then under the rule which requires taxing statutes to be interpreted and applied liberally in favor of the taxpayer and strictly against the taxing authority, the issue can be resolved in favor of the plaintiff.

It seems to me unfair and inequitable that Utah should bear the entire cost of the cooperative examination by giving the taxpayer credit against its tax, when its benefits also have value to the other states participating in the examination. In view of the decision of the majority, if the situation is changed, it must be done by legislation.

5. State v. Goss, 79 Utah 559, 11 P.2d 340.

1. Sec. 31–3–1(3) U.C.A.1953.
2. Sec. 31–14–4(3) U.C.A.1953.