Chief Justice Robertson
delivered the Opinion of the Court—
Judge Ewing taking no part in the decision, as he was not present at the hearing.
Hiram Steele, who was recognised to answer an indictment for unlawfully setting up and keeping a gaming table, having ; failed to appear, his recognisance was, at the instance of his surety, respited; and a jury, sworn “to try the case” having returned a verdict of “guilty,” the Court rendered a judgment for five hundred dollars penalty.
This appeal, prosecuted to reverse that judgment, presents three questions: first — was it proper to “try the case” in the appellant’s absence? second — did the Circuit Judge err in refusing to permit a peremptory challenge of a juror? and, third — did the appellant’s affidavit present sufficient ground to entitle him to a new trial ?
First. In prosecutions for felony, the accused cannot absence. But a prosecution for a pecuniary penalty may be tried, like a civil action of debt, whether the defendant appear or not. According to Mr. Chitty, even an indictment for an ordinary misdenieanor could be tried, at common law, without the appearance of the accused. In such a case outlawry did 1 . . - . - 17 . not, as in a prosecution lor leiony, amount to a convic *85 lion; and, therefore, if a personal appearance could not be had, the delinquent might, nevertheless, be tried. 1 Chilly's Crim. Laid, 411-12. . .
Peremptory challenge is a personal privilege, that cannot be exercised by a volunteer, in the absence of the accused and without his authority.
The absence of a party at the calling of his case, being the ground of a motion, an affidavit that fails to show that the absence was not voluntary, is insufficient. Allegation that a party failed to attend because of “circumstances beyond his control” is not sufficient: the eircuin stancesshouldbe slated, that the court may judge of them.
But if there could be any doubt whether, according to the common law, an indictment for a mere fine could be tried without the personal appearance of the accused, the statute law of this State should settle the question.
The twenty sixth section of an act of 1796 (1 Slat. Law, 529,) seems plainly to either recognise or establish the right to try a presentment, or an indictment for a mere pecuniary fine or penalty for any amount, in the absence of the party prosecuted. And the seventh section of the act of 1833, amending “the several acts against unlawful gaming,” evidently presupposes that the Commonwealth may have a tidal of an indictment, for unlawful gaming, in the absence of the accused. It declares “ that, on the judgment under this act or any oth- “ er act against unlawful gaming, where it is not provid- “ ed that the offender shall stand committed, or the defen- “ dant shall not he in custody, the court may order a capias ilpro fine tyc. to any county in the State.”
If the accused appear in discharge of his recognisance, and be convicted, he may be retained in custody, and be imprisoned until he shall have paid the fine, (1 Stat. Law, 757.) But if he will not appear, he may, nevertheless, be tried and, if convicted, may be proceeded against by execution of capias or fieri facias.
Second. The right of peremptory challenge is a personal privilege, and can only be exercised by the party himself, or in virtue of his authority. There was no appearance in this case; and not only is there no evidence that McCalla, who proposed to challenge the juror, had any authority to do so, but the appellant’s affidavit after-wards filed for a new trial, shows that McCalla wras acting as a volunteer. The Circuit Court did not, therefore err, in refusing to permit him to make the challenge.
Third. The affidavit does not state any sufficient reason for the non-appearance, or for the alleged non-preparation, of the appellant, on the trial. His “ excursion to the South” was voluntary, and he has not shown that the prolongation of his absence until just after the ver *86 diet, was not also voluntary. He has not specified or described the alleged “ circumstances beyond his control,^ and therefore, the Court could not decide that they were J ' such as should have excused his absence, or his failure t0 have had his case so prepared as to have ensured a continuance. And it does not appear that his counsel, had he been in court, could have made out any cause for a continuance. And had the counsel’s absence been, of itself, sufficient ground for a continuance, still, no satisfactory reason appearing for the failure to apply for a continuance, the Circuit Court did not, on that ground, err in overruling the motion for a new trial.
And, being of the opinion that both the law and the facts authorized the verdict, therefore, we must affirm the judgment.