The Chief Justice

delivered the Opinion of the Court.
In England, a person prosecuted by information or indictment, for a fine for a misdemeanor, might be convicted without his personal appearance. Toptcliff vs Waller, Dyer 346, b. 1 Chitty’s Crim. law, 411-12, marg. pa.
This doctrine is not changed here by the second section of the act of 1805, (1 Stat. Law, 534,) which requires a capias to be issued, unless the accused shall appear in obedience to a venire facias, whereby he had been warned to appear. That requisition was only intended to afford to the Commonwealth, security for satisfaction in the event of conviction; and, as decided in the case of Steele vs The Commonwealth, (3 Dana, 84,) we are satisfied that the British practice has been, in fact, recognized and confirmed here by legislative enactments; and that consequently, when, as in this case, the accused has been recognized to appear, he may be tried whether he appear or not.
But still, we are inclined to think that it was erroneous in this prosecution, under the tenth section of the act of 1833, against unlawful gaming, to take judgment by default and swear the jury “to assess the fine.”. Had the penalty been certain and under ten pounds, the twenty sixth section of an act of 1796, (1 Stat. Law, 529,) would have authorized a judgment by default-and without any inquisition. But when a jury is necessary, we are not satisfied that there is any authority for adjudging that the accused had confessed the charge by failing to appear and plead to the indictment.
In such a case, it seems to us, that the jury ought to be sworn “to try the case," or “to try the charge," and *305 not merely “to assess (or ascertain the amount of) the fine.” There is, so far as we know, no statute authorizing a judgment by default in any criminal or quasi criminal case in which a jury is required; and it was certainly not allowed by the common law.
Wherefore, the judgment is reversed, and the cause remanded for a venire de novo.