[No. 6,885.—In Bank.]

## PEOPLE *v.* J. H. BUDD ET AL.

BAIL—BREACH OF UNDERTAKING—CRIMINAL PRACTICE.—The defendant in a charge of misdemeanor is not required to be personally present at the trial; and therefore a failure to be personally present in court when his case is called is not a breach of the condition of the undertaking of his bail.

APPEAL from a judgment, and order denying a new trial, in the Fifth District Court, Stanislaus County. BOOKER, J.

This an action against the sureties upon an undertaking given to procure the release upon bail of one McDonald. The plaintiff had judgment. The defendants appealed.

*J. H. Budd*, for Appellants.

A defendant indicted for a misdemeanor, under our codes, must appear for arraignment, and answer the indictment either in person or by attorney.

After his plea is entered, he may be tried, convicted, and judgment pronounced against him in his absence, and he is not required to appear at the trial, nor when judgment is pronounced, either in person or by attorney. This is plainly manifest by the difference in language between § 997 of the Penal Code and the subsequent sections. If he does not render himself in execution of the judgment, then the condition of the bond is broken, and the sureties on the bond are liable.

The *Attorney-General*, for the Respondent.

The principal in this case did not appear either in person or by attorney, so that the appellants' argument upon the failure of the People to go on with the trial is irrelevant to the facts of the case. (*People* v. *Smith*, 18 Cal. 498.)

MORRISON, C. J.:

It appears from the record in this case, that on the 22nd day of October, 1875, an order was made by the Hon. S. A. Booker, then judge of the Fifth Judicial District, admitting one J.

H. McDonald to bail, in the sum of $500, and that an undertaking was given in pursuance of said order, and the terms of the statute for that amount. The undertaking was signed by the defendants, and the offense charged was a misdemeanor.

Afterwards an indictment was found and presented against McDonald, and on the 27th day of March, 1876, the case was regularly called for trial in the County Court of Stanislaus County, and the defendant being absent, he was then and there called by the sheriff, and failed to appear either in proper person or by attorney, whereupon the County Court made an order declaring the bond entered into by the defendants forfeited. The action is brought upon this bond or undertaking, and the order of forfeiture is relied upon by plaintiff as giving a right of action.

The condition of the undertaking sued on is, " that the above-named J. H. McDonald will appear and answer the charge above mentioned in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the court, and if convicted, will appear for judgment, and render himself in execution thereof; or if he fails to perform either of these conditions, that he will pay," etc.

After the indictment was found, the defendant appeared in Court and interposed a plea of not guilty, but did not appear at the time the case was called for trial. The case was not tried, and therefore there was no conviction; but the Court, as has been already remarked, declared the bond forfeited, because of the failure of the defendant to be present at the time appointed for the trial. The simple question is, Does the record show a breach of any conditions of the bond which justified the order of the Court declaring a forfeiture?

Section 977 of the Penal Code provides that, "if the indictment is for felony, the defendant must be personally present; but if for a misdemeanor, he may appear upon the arraignment by counsel."

Section 978. " When his personal appearance is necessary, if he is in custody, the Court may direct, and the officer in whose custody he is must bring, him before it to be arraigned."

Section 979. " If the defendant has been discharged on bail, or has deposited money instead thereof, and do not appear to

be arraigned when his personal attendance is necessary, the Court, in addition to the forfeiture of the undertaking or bail of the money deposited, may direct the clerk to issue a bench-warrant for his arrest."

But this is only in cases where his personal attendance is necessary to the arraignment.

Section 1043 is as follows: "If the indictment is for a felony, the defendant must be personally present at the trial; but if for a misdemeanor, the trial may be had in the absence of the defendant; if, however, his presence is necessary for the purpose of identification, the Court may, upon application of the district attorney, by an order or warrant, require the personal attendance of the defendant at the trial."

In this case no such application was made by the district attorney, and no order of the Court was entered requiring the personal attendance of the defendant.

In view of the facts of this case, and the foregoing provisions of the Penal Code relating to proceedings in criminal cases, it is clear to our minds that the defendant was not required to be personally present at the trial, and that there was no provision of law which prevented the Court from proceeding with the trial of the case in the defendant's absence. It was no part of the conditions of the undertaking given by the defendants, that the defendant should be present at the trial, and therefore the failure of the defendant to be present in Court when his case was called for trial constituted no breach of the conditions of the undertaking. In the case of the *People* v. *Ebner*, 23 Cal. 150, the Court says: "Section 259 of the Criminal Practice Act provides that, 'if the indictment be for a felony, the defendant must be personally present; but if for a misdemeanor, his personal presence is unnecessary, and he may appear upon the arraignment by counsel.' Section 320 also provides: 'If the indictment be for a misdemeanor, the *trial* may be had in the absence of the defendant; but if for felony, he must be personally present.' So, also, § 415 provides that in case of misdemeanor the verdict may be rendered in the absence of the defendant. A forfeiture must be strictly proved. The record discloses that the Court of Sessions had no power or authority to enter a default or to declare the recognizance forfeited."

It is provided, also, by § 1148 of the Penal Code, that, "if indicted for a felony, the defendant must, before the verdict is received, appear in person. If for a misdemeanor, the verdict may be rendered in his absence."

It will be seen that the provisions of the Penal Code are substantially the same as were the provisions of the Criminal Practice Act. The case of the *People* v. *Ebner*, referred to above, holds that it was error to declare the recognizance of bail forfeited because the defendant failed to appear personally and plead to the indictment; and in this case it was equally erroneous for the Court to declare the bond forfeited because the defendant failed to appear personally at the trial. Such personal appearance was not required by the law or the condition of the undertaking.

Such was also the rule at common law. In the case of *Steele* v. *Commonwealth*, 3 Dana, 84, the Court says:

" Hiram Steele, who was recognized to answer an indictment for unlawfully setting up and keeping a gaming-table, having failed to appear, his recognizance was, at the instance of his surety, respited; and a jury sworn *to try the case* having returned a verdict of 'guilty,' the Court rendered a judgment for five hundred dollars penalty.

" This appeal prosecuted to reverse the judgment presents three questions: First, was it proper to 'try the case' in the appellant's absence," etc.

In prosecutions for felony, the accused cannot be tried in his absence; but a prosecution for a pecuniary penalty may be tried, like a civil action of debt, whether the defendant appear or not. According to Mr. Chitty, " even an indictment for an ordinary misdemeanor could be tried at common law without the appearance of the accused. In such a case outlawry did not, as a prosecution for felony, amount to a conviction; and therefore, if a personal appearance could not be had, the delinquent might nevertheless be tried." (1st Chitty's Criminal Law, 411, 412.)

In the later case of *Canada* v. *Commonwealth*, 9 Dana, 304, it was held that a prosecution for misdemeanor may proceed in the absence of the accused when he is under recognizance. Mr. Chief Justice Robinson, delivering the opinion of the Court in that case, says:

"That requisition was only intended to afford to the Commonwealth security for satisfaction in the event of conviction, and, as decided in the case of *Steele* v. *Commonwealth*, 3 Dana, 84, we are satisfied that the British practice has been, in fact, recognized and confirmed here by legislative enactments; and that consequently, when, as in this case, the accused has been recognized to appear, he may be tried whether he appear or not."

The judgment is reversed, and the cause remanded, with instructions to enter a judgment in favor of the defendants.

MYRICK, J., SHARPSTEIN, J., THORNTON, J., McKINSTRY, J., and ROSS, J., concurred.