[Civ. No. 4836. First Appellate District, Division One.—March 1, 1924.]

JAMES M. CARROLL, Petitioner, v. POLICE COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

[1] CRIMINAL LAW—MISDEMEANOR—TRIAL—ABSENCE OF DEFENDANT—FORFEITURE OF BAIL.—While the trial of a defendant charged with a misdemeanor may be had in the absence of the defendant, nevertheless, whenever his presence is necessary for the purpose of identification, the court may upon application of the district attorney, by order or warrant, require his personal attendance; and the failure of the defendant to appear in response to such order constitutes a breach of his bail bond, and the court has the power to enter a default thereon and declare the recognizance forfeited.

---

(1) 6 C. J., p. 1039, sec. 301 (1926 Anno.); 16 C. J., p. 818, sec. 2072 (1926 Anno.).

1. See 8 R. C. L. 90.

PROCEEDING in Certiorari to review an order of the Police Court of the City and County of San Francisco declaring bail forfeited.     Writ denied.

The facts are stated in the opinion of the court.

James A. Himmel for Petitioner.

George Lull, City Attorney, and Maurice T. Dooling, Assistant City Attorney, for Respondent.

TYLER, P. J.—Application for writ of *certiorari.*

From the petition it appears that on or about April 22, 1923, one Charles Johnson was arrested in San Francisco charged with the commission of a certain misdemeanor. Thereafter and on the following day he was admitted to bail in the sum of one hundred dollars and petitioner herein furnished and deposited this amount with the bond and warrant clerk of such city. On April 25th the case was called for trial and defendant appeared with his counsel and answered ready. The matter was continued on such day, and thereafter and from time to time until the eighteenth day of May, 1923, when, the defendant having failed to appear, the police judge, over the objection of petitioner herein, declared the bail forfeited and ordered that a bench-warrant issue for the arrest of the defendant.

It is claimed that the judge exceeded his jurisdiction and authority in ordering the bail so furnished by the petitioner to be forfeited, for the reason that he was defendant's counsel and that he represented him when the case was called for trial, and, the charge being a misdemeanor, it was not incumbent upon defendant to be personally present, the court having full authority in such case to proceed to trial without him. The sole question, therefore, presented by the petition is whether the record shows a breach of any of the conditions of the bail justifying the order forfeiting the same.

Section 977 of the Penal Code provides that if the indictment or information be for a felony the defendant must be personally present, but if for a misdemeanor he may appear upon the arraignment by counsel.

Section 1148 of the same code declares that if the defendant is charged with a felony he must, before the verdict is received, appear in person; if for a misdemeanor a verdict may be rendered in his absence. Section 1193 permits judgment to be pronounced against him in his absence.

In construing these sections our supreme court has held that the mere absence of a defendant at the trial charged with a misdemeanor does not constitute a breach of the bail bond, and that a court has no power to enter a default thereon and declare the recognizance forfeited, as such a defendant so charged is not required under the provisions quoted to be present at the trial (*People* v. *Ebner,* 23 Cal. 159; *People* v. *Budd,* 57 Cal. 349).

In reaching this conclusion the supreme court in the Budd case had under consideration section 1043 of the Penal Code. [1] The portion of the section referring to misdemeanor cases provides in substance that while the trial may be had in the absence of the defendant, whenever his presence is necessary for the purpose of identification the court may upon application of the district attorney, by order or warrant, require his personal attendance, but no such application was made in that particular case. Here, however, the return to the writ shows that the district attorney duly and regularly moved and applied for an order requiring the personal attendance of the defendant at the trial for the purpose of identification, and that an order was accordingly made that he appear for such purpose. By the undertaking defendant was required at all times to hold himself amenable to the orders and process of the court, and if convicted to render himself in execution of the judgment. The record shows that the defendant failed to comply with the order made, for which reason the bail was forfeited. Under such circumstances, as indicated in the Budd case, we are of the opinion that the court was justified and had full power to make the order in question.

For the reasons given the writ is denied and the writ heretofore issued is discharged.

St. Sure, J., concurred.