PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* TOMÁS COLÓN, Defendant and Appellant.

No. 3631. Argued December 11, 1928.—Decided February 8, 1929.

*José Q. Torres Sallabery* for the appellant. *José E. Figueras* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

The appellant was charged in a municipal court with aggravated assault and battery committed by him, an adult male, on the person of a woman. He was convicted in that court and on appeal he was tried *de novo* in the district court and again convicted. From that judgment he took this appeal.

The appellant has presented no assignment of errors, as is required by the rules of this court, but we shall examine his brief in order to consider his appeal.

The only witness to the assault and battery was the assaulted woman and for that reason the appellant alleges that the judgment against him should be reversed.

If the testimony of a witness is believed, it is sufficient proof of a fact, according to section 18 of the Law of Evidence, unless its corroboration is expressly required as in the crimes of seduction and rape, and therefore the error was not committed. The fact that the assaulted woman, who said that she was the wife of the appellant, swore in her complaint before the municipal court that the accused had given her several blows on her left eye, her back and her breast and at the trial testified that he struck her only once and that her left eye was not injured at all is no reason why the court should discredit her testimony.

Another ground for the appeal is the order of the district court requiring the personal attendance of the accused at

the trial notwithstanding the fact that it was a case of misdemeanor.

At the beginning of the trial *de novo* in the district court the accused was not present in person and his attorney stated that he was not obliged to be present because it was a case of misdemeanor, but the court ordered his personal appearance and the order was obeyed.

Section 29 of the Code of Criminal Procedure, which is applicable to the municipal courts, as was held in *Ex parte Colón,* 29 P.R.R. 108, requires that defendants before them for misdemeanor, the cases of which they have jurisdiction, shall be present at the trial and when judgment is rendered. That section was amended by Act No. 95 of 1925, page 764 of the Acts of that year, to the effect that the defendant may be excused from this requisite in offenses which do not imply mental perversity or moral depravity in the accused when he is represented by counsel and the latter is present on both occasions.

We also held in that case that section 179 of the cited Code applies to proceedings in the district courts; and as appeals from the municipal courts are heard in the district courts on trials *de novo,* the rules governing trials in the district courts apply to these cases because they act as district courts and not as municipal courts.

Said section 179 prescribes that in prosecutions for misdemeanor the trials may be held in the absence of the defendants; but that whenever his presence may be necessary for the purpose of identification the court, at the instance of the district attorney, may order the personal attendance of the defendant.

It is a general rule that every accused should be present at the trial and when judgment is rendered, but for the best interests of the community the law allows a trial to be held in the district court without the presence of the accused in a case of misdemeanor, leaving this question to the discretion of the court without prejudice to the right of the prosecu-

tion to ask for the presence of the accused for his identification; therefore there was no error on the part of the lower court in ordering the accused to be present at the trial. The cases of *People* v. *Budd,* 57 Cal. 349, and *Warren* v. *State,* 68 Am. Dec. 214, bear some analogy to this case.

It is alleged also by the appellant that the marshal of the court should not have been called to testify to the fact that the appellant is over twenty-one years of age. The office of marshal does not disqualify a person from testifying. In *People* v. *Benítez,* 36 P.R.R. 905, in which the clerk of the court testified the same as did the marshal in the present case, we held that his testimony was admissible.

The judgment appealed from must be affirmed.