Filed 5/30/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>AMERICAN CONTRACTORS<br>INDEMNITY COMPANY et al.,<br><br>      Defendants and Appellants. | A138310<br><br>(Sonoma County<br>Super. Ct. No. SCR-611964) |

**INTRODUCTION**

American Contractors Indemnity Company and El Primo Bail Bonds (the "bond companies") appeal from an order denying relief from a bail forfeiture and the summary judgment that ensued. The bond companies advance two arguments—first, the superior court's notice of forfeiture was deficient because it failed to explain the "underlying statutory scheme" to obtain a discharge of forfeiture, and second, the requirements for forfeiture were not met because the trial court did not expressly order defendant to appear at the hearing at which he failed to appear. We reject both assertions, and affirm. In rejecting the second, we are called on to decide an issue as to which there has been some disagreement among the courts of appeal—whether Penal Code section 977, subdivision (b)(1), requiring felony defendants to personally appear absent a written waiver of appearance, supplies the legal compulsion to make a defendant's presence in court "lawfully required" under the bail forfeiture statute, Penal Code section 1305, subdivision (a)(4).[1] We conclude section 977 suffices in this regard.

---

[1] All further references are to the Penal Code unless otherwise indicated.

## BACKGROUND

A $30,000 bail bond was posted in January 2012 to secure the appearance of defendant Jose Abraham Maldonado, who was charged with felony transportation or sale of marijuana (Health & Saf. Code, § 11360, subd. (a)).

Maldonado appeared for a settlement conference on February 21. At defense counsel's request, and after confirming with Maldonado that he continued to waive time, the trial court continued the conference to March 2. The court did not, however, expressly order Maldonado to appear. When Maldonado failed to appear on March 2, the court ordered bail forfeited and issued a warrant.

On March 5, the clerk issued and served the bond companies with a "Notice of Bail Forfeiture." This notice stated: "Please be advised that Bail Bond #A302124405 in the amount of $30000 which was posted by you on behalf of the above defendant has been ordered forfeited by the Court for failure to appear on March 2, 2012."

Six months later, on September 12, the trial court entered summary judgment pursuant to the forfeiture. The clerk served the bond companies with file endorsed copies of both the "Summary Judgment" and "Notice of Entry of Judgment."

American Contractors moved to set aside the summary judgment and to discharge the forfeiture and exonerate the bond. It asserted the notice of forfeiture was legally deficient in that it did not "inform the recipient of the underlying statutory procedural scheme to obtain a discharge of forfeiture." Several weeks later, American filed a supplemental memorandum of points and authorities asserting the trial court improperly declared bail forfeited at the March 2 hearing because it had not expressly ordered Maldonado to appear at the hearing. Specifically, American contended Maldonado had not failed to appear at a hearing at which his presence was "lawfully required" as required by the bail forfeiture statute, section 1305, subdivision (a)(4). The People filed opposition, and the trial court denied American's motion by minute order on March 6, 2013.

2

## Sufficiency of Notice of Forfeiture

The bond companies continue to maintain the clerk's notice of forfeiture was legally deficient, citing *People v. Swink* (1984) 150 Cal.App.3d 1076 [198 Cal.Rptr. 290] (*Swink*) and *Minor v. Municipal Court* (1990) 219 Cal.App.3d 1541 [268 Cal.Rptr. 919] (*Minor*). We disagree for the reasons set forth in the recent opinion by Division Three of this appellate district in *People v. Accredited Surety & Casualty Co., Inc.* (2013) 220 Cal.App.4th 1137 [163 Cal.Rptr.3d 722] (*Accredited Surety*).

In *Accredited Surety*, the surety maintained as the bond companies do here, that the notice of forfeiture sent by the court was constitutionally inadequate under *Swink* and *Minor* because it: (1) failed to cite the statutory provisions under which the forfeiture was being declared, (2) failed to cite what relief from forfeiture was available to the company, and (3) failed to state the time limits for seeking relief from the forfeiture. (*Accredited Surety, supra*, 220 Cal.App.4th at pp. 1141–1142.)

*Accredited Surety* did not take issue with *Swink* or *Minor*, which held similar notices insufficient, or with *Memphis Light, Gas & Water Div. v. Craft* (1978) 436 U.S. 1 [56 L.Ed.2d 30, 98 S.Ct. 1554], on which those cases relied. Rather, the Court of Appeal pointed out all three cases turned on the fact the forfeiture notices in those cases were sent to laypersons, not to business entities engaged in the bail bond business. "These cases, on which [Accredited] Surety relies, all involved the sufficiency of notice to laypersons, who presumably were unaware of the statutory procedures for obtaining relief. These same cases recognize that the ultimate question in determining whether a given notice satisfies due process is whether, under the particular circumstances, the notice is reasonably calculated to inform the recipient of the process by which the recipient may challenge the governmental action in question." (*Accredited Surety, supra*, 220 Cal.App.4th at pp. 1143–1144.)

Accredited Surety, in contrast, was a licensed insurer and professional surety which routinely worked within the framework of section 1305 in issuing and enforcing bail bonds. Accordingly, the court concluded *Swink* and *Minor* provided no basis to

3

deem the forfeiture notice sent to it deficient. (*Accredited Surety, supra*, 220 Cal.App.4th at pp. 1144–1145.)

We agree with *Accredited Surety*'s analysis and conclude, for the same reasons, that *Swink* and *Minor* provide no assistance to the bond companies here.

### *Jurisdiction to Declare Forfeiture*

Even though Maldonado appeared at the February 21 settlement conference and knew his case was continued to March 2 for a further settlement conference, the bond companies also continue to assert the trial court had no authority to declare bail forfeited when Maldonado failed to appear on March 2 because the court had not, on February 21, expressly ordered him to appear at the continued hearing. The People do not dispute Maldonado was not expressly ordered to appear on March 2, but maintain he was required to appear on that date under section 977, subdivision (b)(1), since he had not executed a written waiver of appearance.[2] The bond companies rejoin that section 977 merely secures a defendant's due process right to appear and does not provide the legal compulsion necessary to make a felony defendant's presence in court "lawfully required" for purposes of bail forfeiture under section 1305, subdivision (a)(4).

Surprisingly, given that the personal appearance provisions of section 977 have been on the books in some version since the late 1800's, there is some uncertainty as to whether these provisions make a felony defendant's presence in court "lawfully required" for purposes of bail forfeiture under section 1305. Thus, both the bond companies and the People have been able to cite to cases supporting their respective views of section 977. We conclude the cases cited by the bond companies, although correctly decided given their facts, took an unsupported and incorrect view of section 977. Indeed,

---

[2] Section 977, subdivision (b)(1), provides in pertinent part: "In all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present, as provided by paragraph (2) . . . ." (§ 977, subd. (b)(1).)

4

as we discuss, these cases wholly overlooked numerous earlier bail forfeiture cases that consistently referred to the appearance provisions of section 977 in analyzing the propriety of bail forfeiture. Furthermore, nearly all bail forfeiture cases decided after the cases on which the bond companies rely, have either questioned those cases, or simply ignored them and assumed section 977's appearance provisions are relevant to bond forfeiture.

The general principles applicable to bail forfeiture are well established. "The forfeiture or exoneration of bail is entirely a statutory procedure, and forfeiture proceedings are governed entirely by the special statutes applicable thereto." (*People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1552 [78 Cal.Rptr.2d 763]; accord, *People v. International Fidelity Ins. Co.* (2012) 212 Cal.App.4th 1556, 1561 [152 Cal.Rptr.3d 52] (*International Fidelity*).) "Because the law disfavors forfeitures," the bail statutes must also "be construed strictly to avoid forfeiture, and the procedures set forth therein must be ' "precisely followed or the court loses jurisdiction and its actions are void." ' " (*International Fidelity, supra,* 212 Cal. App. 4th at p. 1561, quoting *People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300 [38 Cal.Rptr.2d 167].)

While an order denying a motion to vacate a bail forfeiture "is normally reviewed for abuse of discretion," where the relevant facts are "undisputed and the dispositive issue is one of statutory construction, we apply an independent review standard." (*International Fidelity, supra,* 212 Cal. App. 4th at p. 1561; accord, *People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889, 893 [74 Cal.Rptr.2d 316].)

Section 1305 specifies when and how bail is forfeited, stating in pertinent part: "(a) A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (5) To surrender himself or herself in execution of the judgment after appeal. . . ." (§ 1305, subd.(a).) When any of the enumerated circumstances triggering forfeiture occur, a court must declare bail forfeited and do so in open court.

(*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906–907 [98 Cal.Rptr. 57, 489 P.2d 1385]; *People v. Bankers Ins. Co.* (2010) 182 Cal.App.4th 582, 586 [105 Cal.Rptr.3d 844].)  Otherwise, "[f]ailure to declare forfeiture when the circumstances call for it divests a court of jurisdiction to do so at a later hearing on the case." (*International Fidelity, supra,* 212 Cal.App.4th at p. 1560, fn. 1; accord, *People v. United Bonding Ins. Co., supra,* Cal.3d at p. 907 ["the court's failure to declare a forfeiture upon a nonappearance without sufficient excuse . . . deprives the court of jurisdiction to later declare a forfeiture"].)

In support of their view that the appearance requirements of section 977, subdivision (b)(1), did not make Maldonado's presence in court "lawfully required" under section 1305, subdivision (a)(4), the bond companies cite *People v. North Beach Bonding Co.* (1974) 36 Cal.App.3d 663 [111 Cal.Rptr. 757] (*North Beach*) and *People v. Classified Insurance Corp.* (1985) 164 Cal.App.3d 341 [210 Cal.Rptr. 162] (*Classified*), which relied on *North Beach*.

In *North Beach*, the defendant failed to appear at a hearing initiated and scheduled by defense counsel.  Specifically, defense counsel appeared late on a Friday afternoon, without his client, seeking a stay of execution of judgment and an order shortening time to hear a motion for bail pending appeal.  (*North Beach, supra,* 36 Cal.App.3d at pp. 667–668.)  The court did not, at that time, declare bail forfeited.  Rather, it ordered bail forfeited the following Monday, when the defendant failed to surrender himself.  (*Id.* at pp. 667–669.)  In seeking reversal of the order denying relief from forfeiture, the bond company asserted, among other things, that under section 977 the defendant was required to appear at the Friday afternoon hearing, the trial court was therefore required to order bail forfeited at that time, and having failed to do so, the court lacked jurisdiction to order bail forfeited the following Monday when the defendant failed to surrender.  The appellate court declared this assertion had "no merit." (*Id.* at p. 668.)

Section 977, stated the *North Beach* court, was "designed to implement the defendant's due process right to be present at his trial and other proceedings." (*North Beach, supra*, 36 Cal.App.3d at p. 669)  Utilizing the statute to create an obligation to

6

appear for bail forfeiture purposes would lead to an "absurd" result, with bail forfeited simply because defense counsel made a last minute attempt to stave off execution. (*Ibid.*) The court's only citation in support of this analysis was a "see" citation to *People v. Williams* (1970) 10 Cal.App.3d 745, 751–752 [89 Cal.Rptr. 364] (*Williams*). (*North Beach*, at p. 669.) *Williams* was not a bail forfeiture case, but an appeal from a battery conviction wherein the defendant asserted, among other things, that his due process rights had been violated when he was not brought to court for the last day of the preliminary hearing proceedings, at which time no testimony was taken, but he was bound over for trial. (*Williams*, at pp. 749–750.) The *Williams* court concluded that even if the defendant's right to be present had been compromised, he failed to demonstrate any prejudice. (*Id.* at pp. 751–752 ["He makes no suggestion why or how his physical presence in the courtroom would affect the ruling."].) Despite rejecting the bond company's section 977 argument, however, the *North Beach* court agreed with other arguments advanced by the company and reversed the order denying exoneration of the bond. (*North Beach*, at p. 668.)

In *Classified*, the second case relied on by the bond companies, the defendant was present in court when pre-trial and trial dates were set (*Classified, supra*, 164 Cal.App.3d at p. 343), but failed to appear at an intervening hearing set by defense counsel for a section 995 motion. Counsel had apparently lost contact with his client and thus was not able to notify him of the motion date. (*Ibid.*) The trial court declared bail forfeited, and the surety appealed from the denial of its motion to vacate the forfeiture and ensuing summary judgment. (*Id.* at pp. 343–344.) Contrary to the position the bond company had advanced in *North Beach*, the surety in *Classified* maintained the defendant's presence at the hearing scheduled by his attorney was *not* "lawfully required" and therefore the trial court had erroneously ordered bail forfeited. (*Classified*, at p. 344 ["[a]ppellant contends that before a court can forfeit bail a defendant's appearance must be required by a specific court order commanding his appearance at a date and time certain"].) Rather, it was the People who now invoked section 977, arguing that since the defendant had not executed a written waiver, his presence *was* "lawfully required" at the

hearing set for his section 995 motion and his failure to appear "triggered the application of section 1305 requiring forfeiture of bail." (*Classified*, at p. 345.)

Citing to *North Beach*, the *Classified* court rejected the People's argument as "untenable." (*Classified, supra,* 164 Cal.App.3d at pp. 345–346.) "As in the *North Beach* case, respondent's construction of section 1305, by reference to section 977, would lead to an absurd result here. The construction urged by respondent would permit [defendant's] trial counsel to place [defendant] in default without notice of the motion or date of appearance. Such a construction would clearly be inconsistent with the purpose of section 977 [to protect the defendant's right to appear] . . . . Such a construction would also be inconsistent with the well-settled principle that the law traditionally disfavors forfeitures and statutes imposing them are to be strictly construed in favor of the surety." (*Id.* at p. 346.) In addition, since "respondent's construction of section 1305 would permit the forfeiture of bail in a situation where the defendant does not even have notice of the court date requiring his appearance, such a construction [might] well render section 1305 unconstitutional as violative of the due process right of notice." (*Ibid.*)

The *Classified* court thus concluded that, "[a]bsent an order or other actual notification from the court that [defendant's] appearance was required at a given date and time, the failure of [defendant] to appear cannot be grounds for forfeiture of bail under section 1305." (*Classified, supra*, 164 Cal.App.3d at p. 346) There having been no such order or other notification, the court held the order forfeiting bail was "void" and a "nullity," and the summary judgment, "erroneous." (*Id.* at pp. 346–347.)

Undeterred, the People advance here the same argument based on section 977 that met such resounding rebuke in *Classified*. The People rely on two more recent cases, *People v. Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118 [258 Cal.Rptr. 130] (*Sacramento Bail*), and *International Fidelity, supra,* 212 Cal.App.4th at p. 1556.

*Sacramento Bail* does not, however, support the People's position as to the import of section 977. In that case, the defendant was present when dates were set for a "trial status conference" and the "trial," but he was not expressly ordered to appear at the status conference. (*Sacramento Bail, supra,* 210 Cal.App.3d at p. 120.) When he failed to

8

appear, the trial court ordered bail forfeited and issued a warrant. (*Ibid.*) The bond company appealed the denial of its motion to vacate, arguing that since the defendant had not been ordered to appear at the status conference, his presence was not "lawfully required" under section 1305, subdivision (a)(4), and forfeiture was improper. (*Sacramento Bail*, at p. 120.) The appellate court disagreed.

While observing the bond company "correctly note[d] a bail bond may be forfeited only if the provisions of section 1305 are satisfied" (*Sacramento Bail, supra*, 210 Cal.App.3d at p. 120), the *Sacramento Bail* court concluded the defendant was "lawfully required" to appear by then California Rules of Court, rule 227.6 (now rule 4.112), requiring defendants to appear at the "readiness conference." While called a "trial status conference," the conference in question was, in substance, a readiness conference. (*Sacramento Bail, supra*, 210 Cal.App.3d at p. 121.) Accordingly, the court held that under *the rules of court*, the defendant was lawfully required to appear. (*Ibid.*; accord, *People v. American Bankers Ins. Co.* (1990) 225 Cal.App.3d 1378, 1380–1381 [276 Cal.Rptr. 210] [also holding the defendant was "lawfully required" by rules of court to appear at the pretrial conference and bail was properly forfeited when he failed to appear].)

*Sacramento Bail* distinguished *Classified* on the ground no rule of court or comparable statute was in play—in *Classified,* "no rule of law required the defendant's presence at the hearing at which he was absent." (*Sacramento Bail, supra*, 210 Cal.App.3d at p. 121.) Moreover, in distinguishing *Classified,* the *Sacramento Bail* court *agreed* with *Classified's* view that section 977 did not satisfy section 1305, subdivision (a)(4)'s, requirement that the defendant's presence in court be "lawfully required." "The Court of Appeal [in *Classified*] *correctly* noted section 997 did not require that defendant be present at the section 995 hearing." (*Sacramento Bail, supra,* at p. 121, italics added, fn. omitted.) Indeed, the *Sacramento Bail* court specifically noted that, like the defendant in *Classified*, the defendant in the case before it also had not executed a written waiver of appearance. (*Sacramento Bail*, at p. 121 & fn. 3.) Thus, the defendant in *Sacramento Bail* was subject to the required appearance provisions of

section 977, and there was no need for the court to turn to the rules of court if it thought those provisions sufficed to make the defendant's presence at the trial status conference "lawfully required" under section 1305, subdivision (a)(4).

The *Sacramento Bail* court disagreed with *Classified*, however, to the extent it "suggest[ed] in dictum" that before a court can order bail forfeited, " 'a defendant's appearance must [always] be required by a specific court order commanding his appearance at a date and time certain.' " (*Sacramento Bail, supra*, 210 Cal.App.3d at p. 122.) The court was aware of "no other case" that had "construed section 1305 to require categorically such an order of the court." (*Ibid.*) Rather, courts had stated section 1305 was "satisfied '. . . when a defendant fails to appear on a date ordered by the court (*or otherwise required by* law, such as to surrender for judgment . . . .)." (*Ibid.*, quoting *People v. National Auto. & Cas. Ins. Co.* (1977) 77 Cal.App.3d Supp. 7, 9 [143 Cal.Rptr. 540].)

In short, while *Sacramento Bail* supports the People's assertion that an express order to appear is not required under section 1305, subdivision (a)(4), the case does not support the People's assertion that section 977 provides the legal compulsion necessary to make a defendant's presence "lawfully required" for purposes of forfeiting bail under section 1305. To the contrary, *Sacramento Bail* suggests section 977 does *not* provide such legal ballast.

The second case on which the People rely, however, *International Fidelity,* turns out to be one of the most recent cases in a venerable line of cases that have looked to section 977 to determine whether a defendant's presence was "lawfully required" for purposes of bail forfeiture under section 1305. *International Fidelity* dealt with a defendant's failure to appear at hearings in two misdemeanor cases. Defense counsel appeared, however, and stated he was appearing on his client's behalf. Counsel also candidly admitted he had lost contact with his client, and the third time the defendant failed to appear, at pretrial conferences in the cases, the court ordered bail forfeited. (*International Fidelity, supra,* 212 Cal.App.4th at p. 1559.) The surety moved to vacate the forfeiture on the ground the defendant's presence had not been "lawfully required"

10

under section 1305 because section 977 permits counsel to appear on behalf of a defendant charged with a misdemeanor. (*International Fidelity*, at pp. 1559–1560.) The surety alternatively asserted that, if that was not the case, then bail should have been forfeited the first time the defendant failed to appear and the trial court lost jurisdiction to do so thereafter. (*Id.* at p. 1560.)

The *International Fidelity* court commenced its analysis by stating: "The bail statutes at issue in this case are Penal Code sections 977 and 1305." (*International Fidelity, supra*, 212 Cal.App.4th at p. 1561.) The court then focused on section 977, pointing out counsel can appear for a misdemeanor defendant at a pretrial conference, and a defendant need appear personally only if so ordered by the court. (*Ibid.*) The court readily concluded that since counsel had appeared on his client's behalf as permitted by section 977, the defendant had not been lawfully required to appear at the pretrial conferences under section 1305 and the trial court therefore had no authority to order bail forfeited. (*Id.* at p. 1562.)

*International Fidelity* cited to *People v. American Bankers Ins. Co.* (1987) 191 Cal.App.3d 742 [236 Cal.Rptr. 501] (*American Bankers*), which also involved bail forfeitures in two misdemeanor cases. The *American Bankers* court also focused on the provisions of section 977 allowing a misdemeanor defendant to appear through counsel. The court concluded that "if an attorney appears on behalf of the defendant at a misdemeanor trial and represents that he or she is authorized to proceed in the defendant's absence, the court does not have the authority declare a forfeiture of bail under section 1043, subdivision (e) [pertaining specifically to bail forfeiture for failure to appear at a misdemeanor trial]." (*American Bankers*, at p. 747.) As for other required misdemeanor appearances, "section 1305 governs." (*Ibid.*) That section, explained the *American Bankers* court, mandates forfeiture if, " 'without sufficient excuse,' " a defendant fails to appear at the proceedings set forth in the statute. But, "[s]ince the [misdemeanor] defendant may appear through counsel under section 977, subdivision (a), he or she will have a sufficient excuse for not appearing so long as counsel appears and is authorized to proceed in the defendant's absence." (*Ibid.*) Nevertheless, *American*

11

*Bankers* upheld the bail forfeitures at issue because the record contained no indication counsel for either defendant told the trial court they were authorized to appear for their clients and to proceed in their absence. (*Id.* at pp. 748–749.)

*International Fidelity* distinguished *Sacramento Bail* on the ground the defendant in that case had been charged with a felony. (*International Fidelity, supra,* 212 Cal.App.4th at p. 1563.) "[C]onsequently," said the *International Fidelity* court, "there was no statutory authorization for his attorney to appear in his absence; on the contrary, subdivision (b) of section 977 compelled his personal attendance, unless he executed a written waiver of his presence, with leave of the court." (*Id.* at pp. 1563–1564.) Because he "had not signed such a waiver, and a rule of court required his presence at the readiness conference," the defendant had been "lawfully required" to be present at the conference under section 1305, and bail was properly forfeited when he failed to appear. (*Id.* at p. 1564.)

Thus, *International Fidelity* (and *American Bankers*) support the People's assertion that section 977 is relevant to a bail forfeiture analysis. In fact, *International Fidelity's* discussion of *Sacramento Bail* suggests the *International Fidelity* court would have concluded the felony appearance provisions of section 977, subdivision (b)(1), alone, sufficed to make the defendant's presence in court "lawfully required" under section 1305, subdivision (a)(4).

In *People v. Jimenez* (1995) 38 Cal.App.4th 795, 800, footnote 8 [45 Cal.Rptr.2d 466] (*Jimenez*), the appellate court made an even more explicit observation in this regard, stating it "would be inclined to agree" that the felony defendant's presence after remittitur "was required under section 977." The court pointed out that even if the statute was "adopted to protect the defendant's due process rights, it nonetheless mandates his or her presence." (*Ibid.*) The *Jimenez* court further observed "[t]here is no danger the section would be used unfairly against a defendant who was ignorant of the court date because section 1305 only allows bail forfeiture if the defendant fails to appear 'without sufficient excuse,' and section 1320.5 only allows for [independent criminal] culpability if the defendant fails to appear with the specific intent to evade the court's process."

12

(*Ibid.*) However, because the appellate court concluded the defendant's presence after remittitur was required under another statute, it did "not decide whether section 977 mandated his presence as well." (*Ibid.*)

In *People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549 [78 Cal.Rptr.2d 763] (*Ranger* ), the Court of Appeal simply assumed without discussion that section 977 compels the appearance of a felony defendant for bail forfeiture purposes, and addressed the issue of whether section 977 or section 1305 controlled the propriety of forfeiture when the defendant failed to appear on the date set for trial and, specifically, at the master trial calendar hearing. (*Ranger*, at pp. 1552–1554, emphasis omitted.) The defendant had executed a section 977 waiver of appearance, but it did not apply to "any pretrial or trial date." (*Ranger*, at p. 1551.) Although present when the trial court granted a continuance of the trial date, the defendant failed to appear on the new date in the master trial department. (*Ibid.*) The court did not, however, forfeit bail at that time, but did so two days later, when the defendant again failed to appear on a motion to continue the trial made by defense counsel. (*Ibid.*) The surety successfully moved to set aside the forfeiture on the ground the trial court was required to forfeit bail at the defendant's first failure to appear and lost jurisdiction to do so two days later. The People appealed, asserting the section 977 waiver excused the defendant's appearance at the master trial calendar hearing. (*Ranger*, at pp. 1551–1552.)

The Court of Appeal affirmed the order vacating the forfeiture. The court did not, however, reject the applicability of section 977, but rather, compared its language to that of section 1305. Section 977, subdivision (b)(1), requires a felony defendant with an appearance waiver in place to appear only for those portions of the trial at "which evidence is taken," whereas section 1305 more broadly requires forfeiture when a defendant fails to appear "for trial." (*Ranger, supra*, 66 Cal.App.4th at p. 1553.) Discerning a "conflict" between the two statutes as to the specific circumstances at hand, the *Ranger* court held section 1305 controlled, since with respect to bail forfeiture, it is the more "specific or special statute." (*Ranger*, at pp. 1553–1554.) The court further concluded appearing "for trial" under section 1305, subdivision (a)(2), embraced

13

appearing on the scheduled trial date for the master trial calendar hearing. (*Ranger*, at p. 1553.) Since no excuse, let alone a sufficient excuse, had been offered for the defendant's failure to appear, the Court of Appeal held the trial court was required to declare bail forfeited at that time and, having failed to do so, lost jurisdiction to declare bail forfeited a week later when the defendant again failed to appear. (*Id.* at pp. 1554–1555.)

In *People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45, 49 [123 Cal.Rptr.3d 184] (*Indiana Lumbermens*), the Court of Appeal similarly referred to section 977 in its bail forfeiture analysis without any question as to the statute's application. The defendant in that case had executed a section 977 waiver of appearance and thereafter did not appear on a series of settlement conference dates and continued dates for his preliminary hearing. (*Indiana Lumbermens*, at pp. 47–48.) He did appear, however, on the date the preliminary hearing was held, and also appeared on all subsequent dates, except for one readiness conference. Despite this track record, the defendant did not appear for sentencing after a change of plea, and the trial court ordered bail forfeited and issued a warrant. (*Id.* at p. 48.) The surety unsuccessfully moved to set aside the forfeiture on the ground the trial court should have declared bail forfeited the first time the defendant failed to appear and, thus, lost jurisdiction to do so when he failed to appear for sentencing. (*Ibid.*) The Court of Appeal affirmed. (*Id.* at p. 52.)

The *Indiana Lumbermens* court commenced its bail forfeiture analysis with an examination of section 977, subdivision (b)(1). (*Indiana Lumbermens*, *supra*, 194 Cal.App.4th at p. 49.) The court observed: "Section 977 allows a felony defendant to waive his or her personal presence at some hearings, appearing instead solely through his or her attorney. However, even if a section 977 waiver is filed, the defendant must be personally present during the preliminary hearing. (§ 977, subd. (b).) Because the defendant's presence is lawfully required, an unexcused failure to appear during the preliminary hearing requires the trial court to declare the bail bond forfeited. (§ 1305, subd. (a)(4).)" (*Ibid.*, fn. omitted.) Careful examination of the record showed, however, the case "was never called for the preliminary hearing" until the hearing actually took

14

place, at which time the defendant was present. (*Id.* at pp. 49–50.) And "[b]ecause neither section 977 nor section 1305 requires a defendant's presence for a hearing on a motion for a continuance, the section 977 waiver precluded a finding that [the defendant's] absence was unexcused." (*Id.* at p. 50.) The *Indiana Lumbermens* court distinguished *Ranger* on the ground that case had, in fact, been called "for trial" under section 1305. (*Indiana Lumbermens*, at pp. 50–51.) In *Indiana Lumbermens,* in contrast, the case was not, in fact, called "for" the preliminary hearing until the date on which the hearing was held and at which time the defendant appeared. (*Id.* at p. 51.)

In sum, for the past two decades, the courts of appeal have either expressly suggested, or assumed without question, that section 977's personal appearance requirements are directly relevant to bail forfeiture under section 1305, subdivision (a)(4).[3] Our research discloses the same can be said of bail forfeiture cases pre-dating *North Beach.*

---

[3] The only case decided during this time frame that we have found that has paid any heed to *North Beach's* reasoning is *People v. National Automobile & Casualty Ins. Co.* (2004) 121 Cal.App.4th 1441 [18 Cal.Rptr.3d 357]. In that case, the felony defendant was ordered to appear at a hearing on his section 995 motion. Three days before the hearing, defense counsel appeared at a hearing set by the prosecution to continue the motion. The trial court granted the motion, but also maintained the original hearing date, with the understanding the defendant would not appear and the court would order bail forfeited but hold the warrant. The defendant subsequently made all appearances, until sentencing. When he failed to appear, the trial court ordered bail forfeited and issued a warrant. On appeal from the denial of its motion to vacate the forfeiture, the surety asserted the bond had been exonerated long ago when the trial court failed to give notice of the original forfeiture. (*Id.* at pp. 1448–1449.) The Court of Appeal disagreed "for the simple reason" the defendant's appearance on the maintained hearing date was not " 'lawfully required' under section 1305." (*Id.* at p. 1449.) The court first reasoned the trial court had been laboring under the "apparent belief" section 977 made the defendant's presence "lawfully required" on the hearing date originally set for the section 995 motion. Not so, said the court, citing *Classified* (which, as we have discussed, relied on *North Beach*). (*People v. National Automobile*, at p. 1449.) But even if that was not the case, the appellate court further concluded the trial court had effectively determined the defendant had a "sufficient excuse" for failing to appear. (*Id.* at p. 1450.)

For example, in *People v. Budd* (1881) 57 Cal. 349 (*Budd*), the Supreme Court reversed a bail forfeiture judgment because the misdemeanor defendant was not required to appear at trial under the provisions of several Penal Code statutes, including section 977.[4]  Given these "provisions of the Penal Code," it was "clear" to the justices' "minds that the defendant was not required to be personally present at the trial." (*Id.* at p. 351.)  The court also cited to *People v. Ebner* (1863) 23 Cal. 158, 160 (*Ebner*), in which it had reached the same conclusion with respect to a misdemeanor defendant under "substantially the same" provisions of section 259 of the earlier Criminal Practice Act. (*Budd, supra,* 57 Cal. at pp. 351–352.)  It thus appears to have been all but self-evident to the Supreme Court a century ago that the appearance provisions of the Penal Code, including section 977, are relevant to bail forfeiture.

Thereafter, the courts of appeal regularly invoked the Supreme Court's analyses in *Budd* and *Ebner*.  (E.g., *People v. Ross* (1963) 221 Cal.App.2d 443, 445–446 [34 Cal.Rptr. 505] (*Ross*) [following *Ebner* and *Budd,* and affirming order vacating bail forfeiture because non-appearing misdemeanor defendant was entitled to appear through counsel under Penal Code appearance provisions]; *People v. Aymar* (1929) 98 Cal.App. 1, 3–4 [276 P. 595] [concluding Penal Code appearance provisions, including sections 977 and 1043, applied only to misdemeanor cases brought in the superior courts, not in the inferior justice or police courts; thus, distinguishing *Ebner* and *Budd* and holding bail was properly forfeited when misdemeanor defendant failed to personally appear for trial in an inferior court[5]]; *Carroll v. Police Court of the City and County of San Francisco* (1924) 66 Cal.App. 66, 67–68 [225 P. 35] [following *Ebner* and *Budd,* but

---

[4]  At that time section 977 stated in relevant part:  " '[I]f the indictment is for felony, the defendant must be present; but if for misdemeanor, he may appear upon the arraignment by counsel.' "  (*Budd, supra,* 57 Cal. at p. 350.)  Then section 1043 stated in relevant part:  " 'If the indictment is for felony, the defendant must be personally present at the trial; but if for a misdemeanor, the trial may be had in the absence of the defendant . . . .' "  (*Id.* at p. 351)

[5]  As the *Ross* court observed, these Penal Code appearance provisions were subsequently amended to make them applicable to both the superior and inferior courts. (*Ross, supra,* 221 Cal.App.2d at p. 446.)

concluding bail for misdemeanor defendant was properly forfeited because, unlike the defendants in those cases, he had been expressly ordered by the court to appear at trial and thus under the Penal Code appearance statutes was required to appear].)

In *County of Los Angeles v. Luscher* (1922) 58 Cal.App. 632 [209 P. 899], the Court of Appeal considered the forfeiture of a felony defendant's bail. The surety maintained the complaint to recover on the bond was insufficient because it failed to allege the defendant "was ever notified of the time and place of . . . trial." (*Id.* at p. 633.) The appellate court first pointed out the complaint alleged the defendant had appeared for arraignment and entered a plea, and at that time a trial date had been set. (*Ibid.*) The court next explained: "Section 977 of the Penal Code provides that one under a felony charge must be personally present in court at the time of his arraignment. Therefore the allegation that [the defendant] was arraigned is equivalent to an allegation that he was present at the time the arraignment occurred. As the cause was 'then and there set down' for trial on a given date, he had direct notice of the fact." (*Ibid.*)

In light of the cases we have discussed—both those decided prior to *North Beach* and those decided in recent decades—we can only conclude *North Beach's* holding that section 977 merely secures a defendant's due process right to be present during criminal proceedings and, thus, is irrelevant to bail forfeiture, does not withstand analysis. That some of these cases dealt with misdemeanor defendants, rather than felony defendants, is a distinction without legal significance. The fundamental question is whether the appearance provisions of section 977, which apply to both felony and misdemeanor defendants, are relevant to whether a defendant has failed to appear for bail forfeiture purposes. The early cases leave absolutely no doubt the answer to this question is "yes"—the appearance provisions of the Penal Code, including those of section 977, are directly relevant to whether a defendant is required to personally appear and subject to bail forfeiture when he or she fails to do so. Furthermore, there is no sound reason why there should be a lack of congruence in utilizing section 977 in the bail forfeiture context. For more than a century, the courts have unhesitatingly relied on section 977 to conclude misdemeanor defendants appearing through counsel do not fail to appear under

17

section 1305, subdivision (a)(4). Why, then, should section 977 not also apply to the reverse scenario, so to speak—where a felony defendant has not executed a written waiver of appearance and thus cannot appear by counsel, but must personally appear. We can think of no reason, nor discern any from the cases.

As *Jimenez* observed, section 977's appearance requirements will not result in the forfeiture of bail of a felony defendant who is legitimately ignorant of a court date, since section 1305 allows forfeiture only when the defendant fails to appear "without sufficient excuse." (§ 1305, sub. (a).) Yet, it was this exact concern that lead to *North Beach* and *Classified'*s rejection of section 977—hearings initiated by defense counsel of which the defendant was not apprised. (E.g., *Classified, supra,* 164 Cal.App.3d at p. 346 [rejecting People's section 977 argument because it would permit defense counsel to place his or her client "in default without notice of the motion or date of appearance"]; see also *People v. American Bankers Ins. Co., supra,* 225 Cal.App.3d at p. 1382 [distinguishing *Classified* on grounds it "primarily was concerned with the unfairness of allowing bail to be forfeited when the defendant had no notice of the date on which the hearing was to be held"] .) However, rather than concluding section 977's appearance requirements have no place in the felony bail forfeiture analysis, as did *North Beach* (and its progeny, *Classified* and *Sacramento Bail*), we agree with *Jimenez* that the better view is that "absurd" forfeitures are avoided by section 1305's limiting language that bail can be forfeited only when a defendant fails to appear "without sufficient excuse." (§ 1305, subd. (a).)

Having concluded section 977, subdivision (b)(1), can supply the legal compulsion to make a felony defendant's appearance "lawfully required" for bail forfeiture purposes under section 1305, subdivision (a)(4), we further conclude the trial court properly ordered bail forfeited in this case. Maldonado was present at the settlement conference on February 21, and thus knew of the continued hearing date on March 2. Since he had not executed a written waiver of appearance, he was required under section 977, subdivision (b)(1), to appear on March 2. No excuse, let alone a sufficient excuse, was

18

given for his absence on that date, and the trial court therefore properly ordered bail forfeited under section 1305, subdivision (a)(4), when he failed to appear.

**DISPOSITION**

The order denying the motion to set aside the bail forfeiture and summary judgment entered on the forfeiture are affirmed.


 

_____
Banke, J.


We concur:


_____
Margulies, Acting P. J.


_____
Dondero, J.


A138310, *People v. American Contractors Indemnity Co.*

Trial Judge:        Honorable Jamie E. Thistlethwaite

Trial Court:        Sonoma County Superior Court

Bruce D. Goldstein, County Counsel, Joshua A. Myers, Deputy County Counsel for the Plaintiff and Respondent.

E. Alan Nunez for Defendants and Appellants.